**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **RICHARD HARBUS,** | Index No.: 1:18-cv-5113-RWS |
| **Plaintiff,** | |
| | **ANSWER TO COMPLAINT** |
| -against- | ECF Case |
| **GANNETT SATELLITE** | |
| **INFORMATION NETWORK, LLC,** | |
| **Defendant.** | |

Defendant Gannett Satellite Information Network, LLC ("Defendant"), for and as its

Answer to the Complaint filed by Plaintiff (ECF No. 1), answers and alleges as follows:

## NATURE OF THE ACTION

1.     Defendant admits that this purports to be an action for copyright infringement

under Section 501 of the Copyright Act and for the removal and/or alteration of copyright

management information under Section 1202(b) of the Digital Millennium Copyright Act, and

that Plaintiff seeks monetary relief, but denies that Plaintiff is entitled to any such relief.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in paragraph 1, and on that basis denies them.

## JURISDICTION AND VENUE

2.     Paragraph 2 asserts a legal conclusion to which no response is required.  To the

extent a response may be required, Defendant does not contest the jurisdiction of this Court.

3.     Defendant admits that it transacts business in New York.  The remaining

allegations of this paragraph assert a legal conclusion to which no response is required.  To the

extent a response may be required, Defendant does not contest that this Court has personal jurisdiction.

4.      Paragraph 4 asserts a legal conclusion to which no response is required. To the extent a response may be required, Defendant does not contest the venue of this Court.

## PARTIES

5.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and on that basis denies them.

6.      Defendant denies that it has owned and operated a website at the URL: www.TheBigLead.com.  Defendant admits the remaining allegations of Paragraph 6.

## STATEMENT OF FACTS

7.      Defendant admits that the Complaint contains an Exhibit A and respectfully refers to that Exhibit for the contents thereof.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 7, and on that basis denies them.

8.      Defendant admits that the Complaint contains an Exhibit B, and respectfully refers to that Exhibit for the contents thereof.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 8, and on that basis denies them.

9.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9, and on that basis denies them.

10.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10, and on that basis denies them.

11.     Defendant admits that the Photograph appeared on the thebiglead.com website. Defendant further admits that the Complaint contains an Exhibit C, and respectfully refers to that Exhibit for the contents thereof.  Defendant denies the remaining allegations of Paragraph 11.

12.     Defendant admits that it did not directly license the Photograph from Plaintiff. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 12, and on that basis denies them.

13.     Denied.

## FIRST CLAIM FOR RELIEF

14.     Defendant incorporates its responses to the allegations in Paragraphs 1 through 13, as if set forth fully herein.

15.     Denied.

16.     Denied.

17.     Denied.

18.     Denied.

## SECOND CLAIM FOR RELIEF

19.     Defendant incorporates its responses to the allegations in Paragraphs 1 through 18, as if set forth fully herein.

20.     Paragraph 20 asserts a legal conclusion to which no response is required. To the extent a response may be required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20, and on that basis denies them.

21.     Denied.

22.     Denied.

23.     Denied.

24.    Denied.

25.    Denied.

26.    Denied.

## GENERAL DENIAL

Each numbered paragraph in this Answer responds to the identically numbered paragraph in the Complaint. Defendant denies all allegations, declarations, claims or assertions in the Complaint that are not specifically admitted in this Answer.

## DEFENSES

By alleging the separate and additional defenses set forth below, Defendant is not in any way agreeing or conceding that it has the burden of proof or the burden of persuasion on any of these issues.

### FIRST DEFENSE

1.    The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

2.    On information and belief, Plaintiff's claim is barred in whole or in part to the extent any copyright registration asserted by Plaintiff as covering the photograph in suit is invalid and/or unenforceable.

### THIRD DEFENSE

3.    Plaintiff's claims are barred in whole or in part by the doctrine of fair use.

### FOURTH DEFENSE

4.    Plaintiff's claims are barred in whole or in part by an express or implied license.

**FIFTH DEFENSE**

5.      Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

**SIXTH DEFENSE**

6.      Plaintiff's claims are barred in whole or in part by the doctrines of estoppel or

waiver.

**SEVENTH DEFENSE**

7.      Plaintiff's claim is barred by the statute of limitations.

**EIGHTH DEFENSE**

8.      Plaintiff's claims are barred in whole or in part by the First Amendment to the

Unoted States Comstitution..

**NINTH DEFENSE**

9.      Plaintiff's claims are barred, in whole or in part, because Plaintiff suffered no

damages as a result of any conduct by Defendant.

**TENTH DEFENSE**

10.     The statutory damages sought by Plaintiff are unconstitutionally excessive and

disproportionate to any actual damages that may have been sustained in violation of the Due

Process clause.

**ELEVENTH DEFENSE**

11.     Plaintiff's claim allegedly arising under the Digital Millennium Copyright Act, 17

U.S.C. § 1202 is barred, in whole or in part, by Defendant's lack of requisite scienter.

**ADDITIONAL DEFENSES**

Defendant hereby gives notice that, due to its incomplete knowledge as to the matters set

forth in the Complaint, it is unable to determine whether it has additional defenses not expressly

enumerated in the preceding paragraphs or elsewhere in this Answer. Defendant thus reserves its right to amend its Answer, to assert additional defenses and to rely upon those additional defenses to the extent they become available or apparent during discovery or further proceedings in this action.

## JURY DEMAND

Defendant demands a trial by jury of all issues triable by jury.

**WHEREFORE**, Defendant respectfully requests that:

    a.    Plaintiff's Complaint be dismissed in its entirety with prejudice;

    b.    Defendant be awarded its costs, including reasonable attorneys' fees; and

    c.    Such other relief as the Court deems just and proper.

Dated:  July 3, 2018
    New York, New York          Respectfully submitted,

                              **BALLARD SPAHR LLP**

                              _s/Robert Penchina_
                              Robert Penchina
                              1675 Broadway, 19th Floor
                              New York, NY 10019
                              Telephone:  (212) 850-6109
                              Facsimile:  (212) 223-1942
                              penchinar@ballardspahr.com

                              _Attorneys for Defendant Gannett Satellite_
                              _Information Network, LLC_

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of July, 2018, I caused a true copy of the **ANSWER**

**TO COMPLAINT** to be served via ECF upon all counsel of record.


*s/Robert Penchina*
Robert Penchina